

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-85,417-01

### EX PARTE PRENTICE LESTER DAIGLE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1144579-A IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). On December 10, 2007, Applicant pleaded guilty to possession of a controlled substance and was placed on two years' deferred adjudication community supervision. On October 30, 2008, Applicant's guilt was adjudicated, and he was sentenced to fifteen months' state jail imprisonment. He did not appeal his conviction.

On August 2, 2010, the evidence in Applicant's case was tested at the Houston Police Department Crime Laboratory and found to contain no identifiable controlled substances. Applicant

contends that his plea was involuntary because it was not a voluntary and intelligent choice among the alternative courses of action open to him at the time of the plea. Although Applicant has discharged his sentence in this case, he alleges sufficient collateral consequences to allow this Court to address his claims by way of Article 11.07 habeas corpus. *See Ex parte Harrington*, 310 S.W. 3d 452, 456-58 (Tex. Crim. App. 2010).

The parties have entered agreed findings of fact and conclusions of law, and the trial court has determined that Applicant's decision to plead guilty in this case was not a voluntary and intelligent choice. Applicant is entitled to relief. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

Relief is granted. The judgment in Cause No. 1144579 in the 177th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: August 24, 2016
Do not publish